### SOLOMON v. SCHWARTZ BROS. & CO.
(No. 6570.)

(Court of Civil Appeals of Texas. San Antonio. May 18, 1921.)

Sales ⚖️175—Purchaser could not cancel items of order and then sue for nondelivery.

Buyer under contract could not cancel certain items of his order and then sue for damages for failure to deliver such items.

Appeal from Maverick County Court; W. A. Bonnet, Judge.

Suit by L. Solomon against Schwartz Bros. & Co. Judgment for defendants, and plaintiff appeals. Affirmed.

Sanford & Wright, of Eagle Pass, for appellant.

Ben V. King, of Eagle Pass, for appellees.

FLY, C. J. This is a suit for damages in the sum of $547.50, alleged to have accrued by reason of the breach of a contract to deliver certain goods on or before July 1, 1919, instituted by appellant against appellees. There was really but one issue, and that was as to whether there was a contract made by and between the parties for the delivery of certain goods on or before July 1, 1919, and on that issue the jury found there was no such contract, and judgment was rendered that appellant take nothing by his suit, and that appellees recover of appellant the sum of $363.22 which he admitted he owed them in payment for certain merchandise.

The evidence was conflicting as to what the contract was between the parties, appellant swearing that the goods were to be delivered on or before July 1, and appellees' testimony showing they were to be delivered as they could get them. The jury decided in favor of appellees, as they well might do in view of the contradictory statements made by appellant, and the unsatisfactory evidence he gave. There is no force or merit in the contentions of appellant, and his only assignment is overruled.

There was no unreasonable delay in filling the order, and the authorities as to what constitutes unreasonable delay, cited by appellant, are based on the facts of each case, and cannot be decisive on the facts of this case. The evidence of appellees, which was credited by the jury, shows that there was never any positive understanding that the merchandise was to be delivered on July 1, 1919. Appellant by his acts waived an agreement to deliver by July 1, if such agreement had been made. He contradicted himself flatly at different times in his testimony. When it suited him he canceled an item in the order made by him, and then sued for damages for failure to deliver that very item. He seemed to think that the order was not binding on him as to certain articles he had ordered, and yet he demands strict enforcement of the order so far as appellees are concerned. He admitted that some of the goods were to be delivered July 1, and some July 15. The order had written or printed on it:

"This order is taken subject to delay in delivery and to reduction in quantity, in whole or in part, if the commercial production of the mills or manufacturers is curtailed or inter-

fered with through war, or embargo or by government act or requirements."

The case was purely one of fact, and properly submitted to the jury.

The judgment is affirmed.

⬡⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes